Ewing, C. J.
The action below was brought, in trespass quare clausum fregit, for damages done by the cattle of the defendant, in breaking and entering upon a lot of land of the plaintiff and destroying his crop of potatoes.
The parties were owners or occupants of adjoining closes of improved land. The defendant, after having moved his close of meadow land, turned his cattle upon it. They passed into the close of the plaintiff, and there committed the injury complained of in the state of demand.
According to the principles of the common law, the owner of a close is not obliged to fence against the cattle of the occupant of an adjoining close. Every man at his peril is bound to keep his cattle on his own close, and prevent them from going on to that of his neighbor. And if they do pass from the close of their owner to that of another person, and there commit an injury, they may be distrained damage faisant, or the owner of the cattle is liable to an action of trespass, to be brought by the occupant of the close. Fitz. N. B. 298, n.; 22 H. 6, 9; 13 Viner, tit. Fences, A. 2; *386] Dyer *372, pl. 10; 20 Fd. 4, 10; 6 Mod. 314; Jenkins 161, case 5; 2 H. B. 527; 2 Bl. Com. 209.
We have, however, a statute for the regulation of fences, Rev. Laws 387. This statute, then, is to be .examined, in order to ascertain, whether, as between these parties, any alteration in the rule of-the common law be made; whether, there be anything to prohibit the recovery of the plaintiff and to protect the defendant from an action for the injury, done by his. cattle, and for which, independent of anything to be found in this statute, he is unquestionably responsible. *479 This statute, in the first place, describes and declares what shall be a lawful fence, both of outside and for partition. It then provides, that where the lands,• marshes or meadows, of any two or more persons join, each of them shall make or amend and maintain a just proportion of the division or partition fence between them, except such persons as choose to let their lands lie vacant and open; and if any person shall after due notice neglect or refuse to make or amend his part, the other party may make or amend it wholly, and recover one half the expense. To avoid any difficulty that may arise touching the placing of any partition fence, if the parties cannot agree upon the place, two of the township committee may fix the same. It then provides that the place where any partition fence is or shall be made, shall be equally divided, and each party shall take an equal share to make or amend, and if they cannot agree in making a division, two of the township committee are to determine the part of each. It then enacts that if any person to whom any part of any partition fence may be assigned to make or amend shall neglect or refuse after due notice, so that his own or the beasts of any other person shall enter on his neighbor’s land over or through the said fence, he is rendered liable to make good all damages sustained thereby. And if the beast of the person who shall have made and maintained his part or share of the partition fence assigned to him, or the beasts of any other person should trespass on his next adjoining neighbor, through that part of the fence so by him neglected or refused to be made and maintained, ho shall not be liable to have his beasts impounded, nor be liable to any action to recover any damage accruing thereby.
From an examination of this statute it clearly appears that the regulation it contains respecting the liability to answer in damages *in some cases, and in others for [*387 protection and immunity from an action for trespass, extends only to owners of adjoining closes, between whom a division of the partition fence has been made, and the part or share *480 to be maintained by each has been ascertained, by either a voluntary agreement between them or an assignment by the township committee. When no such division has been made, when the part and share of each remains undefined, the salutary regulation designed to be introduced by the statute has not been called into action, the statute is silent, the common law prevails.
In the case before us, on the line between the parties there were standing but very few panels of fence. There was no evidence that the fence had ever been divided, or the portion to be kept up by each in any wise ascertained. Neither then can impose on the other the liability, or claim .for himself the protection contemplated by the statute. The owner of the cattle, by the principles of the common law, was answerable for the injury committed by them, as he could find nothing in the statute to afford him justification or excuse. Hence it results that the judgment of the Court of Common Pleas was right.
It was objected by the counsel of the plaintiff in certiorari, that the state of demand is defective, because it is in the common law form in trespass, and does not contain any averment of those facts which, under the statute above mentioned, are requisite to entitle the plaintiff to recover. But the action is founded on the common law, not on the statute. Hence the form is complete and the deficient averments are unnecessary. Moreover, even in those cases which are within the statute, and where upon it an' action might be maintained by the party whose close has been broken, he may, nevertheless, if he think proper, waive such action and resort to his remedy at common law. There is nothing negative- or exclusive in the statute. It is true if he sue at common law, he must forego any advantages thé remedy by statute would afford him. The cases cited from 2 Penn. 662, and 3 Halst. 226, do not prove that the plaintiff is confined to the statute remedy, but that when he is, or when he adopts it, he must shew substantially in his state of demand, a case within the statute.
*481 Drake, J.
This action was brought to recover damages for a trespass committed by the cattle of the defendant on the lands of the plaintiff. It appeared by the plaintiff’s evidence, that the parties *werc owners of adjoining [*388 farms, and that the defendant’s cattle broke through a partition fence between them, no part of which was lawful.
After the plaintiff had rested his evidence, the defendant moved for a non-suit, on the ground that the locus in quo was not surrounded by a lawful fence, and that the plaintiff, as well as the defendant, was in default, with respect to the partition fence. The court overruled the motion, and judgment was rendered in favor of the plaintiff.
Upon looking into the act, entitled “ An act regulating fences,” Lev. Laws 387, we find that the first section points out what shall constitute a lawful fence, whether partition or outside fence, and declares that beasts trespassing through such fences may be impounded, and that the owner shall pay damages in manner and form as by this act is directed ; which manner and form are particularly prescribed in the twelfth section.
The second section declares that “when the lands, marshes or meadows of any two or more persons shall join each other, each of them shall make, or amend and maintain, a just proportion of the division or partition fence between them, except such persons as shall choose to let their adjoining lands lie vacant and open.” And this and the succeeding sections to the ninth, inclusive, provide for every landholder the means of procuring lawful partition fences to be made; or, if he shall think proper, after ascertaining and making his part, to leave the residue unmade, he maydmpound the cattle of the person neglecting; or recover damages against him, not merely for trespass committed by his cattle, but for those committed by the cattle of other persons, breaking through such deficient partition fence.
The present case depends much upon the true construction of tlio tenth section, by which it is enacted, “ that if *482 any owner or possessor of land shall neglect or refuse to make and keep in good repair the fence and fences about his land as by this act is directed, and for default thereof the beasts of any other person shall break in or enter into or upon the said land, over or through 'such fence, then the owner of the said beasts shall not be liable to any action, nor the beasts be impounded for any damage sustained thereby.” This part of the section extends to all fences about the land, and includes partition fences, as well as those where there is no adjoining improve-*389] ment, and there is by it *a total exemption of the beasts trespassing from being impounded, and of their owner from damages, unless the fence broken through is lawful. But this, standing alone, would conflict with the section immediately preceding, and other parts of the act, which are intended to impose on owners of adjoining improved lands equal shares of the burden of maintaining the partition fences between them, and with the 7th section, which establishes the validity of private agreements in relation to partition fences, provided they be in writing; and hence the proviso is ádded “ that nothing in this section contained shall be deemed to affect any regulation as to partition fences, or to prevent the recovery of damages for any beast entering into or upon any person’s land, over or through such fence, as by this act is directed and allowed.”
Here we find a limited exception to the general provision of the first part of the section ; the exception not embracing all partition fences, but confined to any regulation as to-partition fences, meaning, no doubt, the regulations of the-preceding sections, including the private regulations authorized by the seventh; and in the clause relative to the-recovery of damages, recoveries are saved, not where given by the common law7, but in such cases, as by this act is-directed and alloioed.
Upon this construction this proviso coincides with that of' the act of 1730, which it appears intended to preserve in its-_ *483 spirit, but not in its exact phraseology. That proviso was in these words : “ Provided always, that this last clause shall not be taken or esteemed to affect partition fences, so but that partition fences shall be regulated, and damages recovered for creatures entering into or upon any person’s land, over or through such fence, after the same manner as by this act is directed.” Here partition fences are not exempted entirely from the operation of the first part of the section, but are embraced, only, however, so far as not to interfere with the regulations of other parts of the same act.
It appears to me that the legislature intended to oblige every possessor of lands to see that his lands be inclosed by a lawful fence, and to make that indispensable to the maintaining of an action, except in such eases, as after ascertaining according to law, and making his own part of a partition fence, he may choose to leave the other part unmade, and look to the adjoining owner for the payment of all damages to be sustained by trespasses of his own cattle or of those of third persons, which may he enforced by *action, [*390 or by impounding, if the cattle be bis. But in this case, that is, when the partition fence is deficient, and the cattle of a stranger enter through it, they cannot be impounded, nor is the owner liable to any action.
I think, therefore, that the court erred in sustaining the plaintiff’s action, and that the judgment ought to be reversed.
Ford, J., concurred in opinion with the chief justice.
Judgment affirmed.